1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

11
12
13
14
15
16
17

YVONNE DAVIS,                    )        NO. EDCV 12-953 AGR
                                 )
        Plaintiff,               )
                                 )
   v.                            )
                                 )        MEMORANDUM OPINION AND
CAROLYN W. COLVIN,               )        ORDER
Commissioner of Social Security, )
                                 )
        Defendant.               )
_____)

18
19
20
21
22

        Plaintiff Yvonne Davis filed this action on June 20, 2012.  Pursuant to 28

U.S.C. § 636(c), the parties consented to proceed before the magistrate judge on

July 9 and 13, 2012.  (Dkt. Nos. 8, 9.)  On February 28, 2013, the parties filed a

Joint Stipulation that addressed the disputed issues.  The court has taken the

matter under submission without oral argument.

23
24

        Having reviewed the entire file, the court reverses the decision of the

Commissioner and remands for further proceedings consistent with this opinion.

25
26
27
28

1

**I.**

2

## PROCEDURAL BACKGROUND

3        On August 11, 2008, Davis filed an application for disability insurance

4   benefits alleging an onset date of August 28, 2007.  AR 10.  The application was

5   denied initially and upon reconsideration.  AR 56-57.  Davis requested a hearing

6   before an Administrative Law Judge ("ALJ").  On June 9, 2010, the ALJ

7   conducted a hearing at which Davis and a vocational expert ("VE") testified.  AR

8   19-55.  On July 23, 2010, the ALJ issued a decision denying benefits.  AR 7-15.

9   On April 20, 2012, the Appeals Council denied the request for review.  AR 1-3.

10  This action followed.

11

**II.**

12

## STANDARD OF REVIEW

13       Pursuant to 42 U.S.C. § 405(g), this court reviews the Commissioner's

14  decision to deny benefits.  The decision will be disturbed only if it is not supported

15  by substantial evidence, or if it is based upon the application of improper legal

16  standards.  *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995) (per curiam);

17  *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

18       "Substantial evidence" means "more than a mere scintilla but less than a

19  preponderance – it is such relevant evidence that a reasonable mind might

20  accept as adequate to support the conclusion."  *Moncada*, 60 F.3d at 523.  In

21  determining whether substantial evidence exists to support the Commissioner's

22  decision, the court examines the administrative record as a whole, considering

23  adverse as well as supporting evidence.  *Drouin*, 966 F.2d at 1257.  When the

24  evidence is susceptible to more than one rational interpretation, the court must

25  defer to the Commissioner's decision.  *Moncada*, 60 F.3d at 523.

26

27

28

2

### III.

### DISCUSSION

#### A.    Disability

A person qualifies as disabled, and thereby eligible for such benefits, "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Barnhart v. Thomas*, 540 U.S. 20, 21-22, 124 S. Ct. 376, 157 L. Ed. 2d 333 (2003).

#### B.    The ALJ's Findings

The ALJ found Davis met the insured status requirements through December 31, 2011.  AR 12.  Davis had the severe impairment of rheumatoid arthritis.  She did not meet or equal a listing.  *Id.*  Davis had the residual functional capacity ("RFC") to perform medium work, in that she "can lift and/or carry 50 pounds occasionally and 25 pounds frequently; stand and/or walk 4 hours in an 8-hour day using a cane as needed; and sit 6 hours in an 8-hour workday.  She can climb stairs but she cannot climb ladders, work at heights, or balance.  She can stoop, bend, crouch, and crawl occasionally.  She can do fine manipulation with the left hand frequently.  She should avoid concentrated exposure to extreme heat or cold."  AR 13-14.  She is capable of performing her past relevant work as an in-home care provider, warehouse worker and supervisor of janitorial services.  AR 14.

#### C.    Treating Physician

Davis contends the ALJ did not properly consider the opinion of her treating physicians.

An opinion of a treating physician is given more weight than the opinion of non-treating physicians.  *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007).  To reject an uncontradicted opinion of a treating physician, an ALJ must state clear

and convincing reasons that are supported by substantial evidence. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005).  When, as here, a treating physician's opinion is contradicted by another doctor, "the ALJ may not reject this opinion without providing specific and legitimate reasons supported by substantial evidence in the record.  This can be done by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings."  *Orn*, 495 F.3d at 632 (citations and quotation marks omitted).  "When there is conflicting medical evidence, the Secretary must determine credibility and resolve the conflict."  *Thomas v. Barnhart*, 278 F.3d 947, 956-57 (9th Cir. 2002) (citation and quotation marks omitted).

On June 11, 2009, Dr. Roth completed a Family Medical Leave Act ("FMLA") form indicating that Davis' husband "may be needed for care assistance and transportation during incapacity," which was likely to occur 2-3 days per month.  AR 350.

On the same date, Dr. Lin completed a Work Status Report in which he placed Davis on modified activity at work during the period June 11, 2009 through June 11, 2010.  AR 351.  The restrictions consisted of the following:  standing continuously no more than 60 minutes at one time; walk continuously no more than 20 minutes at one time; sit no more than 2 hours per day; drive continuously no more than 30 minutes at one time; climb stairs no more than 20 cumulative minutes per hour; reach above right or left shoulder no more than 2 minutes at one time; keyboard/mouse use continuously no more than 10 minutes at one time; repetitive right or left hand motions continuously no more than 5 minutes at one time; gripping/grasping right or left hand no more than 5 minutes at one time; and lift/carry/push/pull no more than 5 pounds for no longer than 15 minutes per hour. *Id.*

The ALJ did not mention either document.  The ALJ's consideration of the medical records is contained in one paragraph.  In pertinent part, the ALJ noted

4

1  that Davis' complaints of pain were treated with analgesic medications and

2  prednisone.  "X-ray studies of the claimant's bilateral wrists dated May 4, 2010

3  indicated osteoarthritic changes, left more than right."  AR 13.  A diagnosis of

4  fibromyalgia was added based on Davis' subjective complaints.  *Id.*

5       The Commissioner first argues that neither document contains a medical

6  source opinion because they were not prepared for an appropriate purpose.

7  However, "in the absence of other evidence to undermine the credibility of a

8  medical report, the purpose for which the report was obtained does not provide a

9  legitimate basis for rejecting it."  *Reddick v. Chater*, 157 F.3d 715, 726 (9th Cir.

10  1998).  The regulation provides that medical opinions are statements that "reflect

11  judgments about the nature and severity of your impairment(s), including your

12  symptoms, diagnosis and prognosis, what you can still do despite impairment(s),

13  and your physical and mental restrictions."  20 C.F.R. § 404.1527(a)(2).

14       Although the FMLA form might not warrant remand on its own, the ALJ

15  could not simply ignore the restrictions in Dr. Lin's Work Status Report and

16  whether they conflicted with the RFC assessment.  *See Hill v. Astrue*, 698 F.3d

17  1153, 1160 (9th Cir. 2012); *Lingenfelter v. Astrue*, 504 F.3d 1028, 1038 n.10 (9th

18  Cir. 2007) (ALJ cannot avoid requirements for consideration of treating physician

19  opinion "simply by not mentioning the treating physician's opinion and making

20  findings contrary to it.").  The Commissioner argues that there are reasons for

21  discounting Dr. Lin's opinions.  However, because the ALJ did not articulate these

22  reasons, the court cannot consider them.  *Tommasetti v. Astrue*, 533 F.3d 1035,

23  1039 n.2 (9th Cir. 2008); *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003)

24  ("We are constrained to review the reasons the ALJ asserts.").

25       This matter must be remanded for consideration of Dr. Lin's Work Status

26  Report and the FMLA form to the extent appropriate.

27      **D.**   **RFC**

28      The RFC measures the claimant's capacity to engage in basic work

5

activities. *Bowen v. New York*, 476 U.S. 467, 471, 106 S. Ct. 2022, 90 L. Ed. 2d 462 (1986). The RFC is a determination of "the most [an individual] can still do despite [his or her] limitations." 20 C.F.R. § 404.1545(a). It is an administrative finding, not a medical opinion. 20 C.F.R. § 404.1527(e)(2).

Given that this matter is being remanded to consider Dr. Lin's opinions and the FMLA form, the ALJ should reconsider Davis' RFC assessment on remand.[1]

### E.    Past Relevant Work

"At step four of the sequential analysis, the claimant has the burden to prove that he cannot perform his prior relevant work 'either as actually performed or as generally performed in the national economy.'" *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1166 (9th Cir. 2008) (citation omitted). "Although the burden of proof lies with the claimant at step four, the ALJ still has a duty to make the requisite factual findings to support his conclusion." *Pinto v. Massanari*, 249 F.3d 840, 844 (9th Cir. 2001). The ALJ must make "specific findings as to the claimant's residual functional capacity, the physical and mental demands of the past relevant work, and the relation of the residual functional capacity to the past work." *Id.* at 845; Social Security Ruling ("SSR") 82-62;[2] *see also* 20 C.F.R. §§ 404.1520(e), 416.920(e).

Given that this matter is being remanded for consideration of Dr. Lin's opinions, the FMLA form, and Davis' RFC assessment, the ALJ is free to reconsider whether Davis can perform her past relevant work.

---

[1] The ALJ found that Davis could stand and/or walk 4 hours in an 8-hour day using a cane as needed, yet at the same time found that Davis could perform medium work in that she can lift and/or carry 50 pounds occasionally and 25 pounds frequently, presumably with a cane. AR 13-14. The ALJ should also reconsider the interrelationship between these restrictions.

[2] Social Security rulings do not have the force of law. Nevertheless, they "constitute Social Security Administration interpretations of the statute it administers and of its own regulations," and are given deference "unless they are plainly erroneous or inconsistent with the Act or regulations." *Han v. Bowen*, 882 F.2d 1453, 1457 (9th Cir. 1989).

6

1

**F.    Listing 14.09A**

2      Davis argues that the ALJ failed to consider properly whether she met or

3    equaled Listing 14.09A.

4      The claimant bears the burden of demonstrating that her impairments are

5    equivalent to a listed impairment that the Commissioner acknowledges are so

6    severe as to preclude substantial gainful activity.  *Bowen v. Yuckert*, 482 U.S.

7    137, 141, 146 n. 5, 107 S. Ct. 2287, 96 L. Ed. 2d 119 (1987). "If the impairment

8    meets or equals one of the listed impairments, the claimant is conclusively

9    presumed to be disabled." *Id.* at 141; *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th

10   Cir.1999); 20 C.F.R. §§ 404.1520(4)(iii), 416.920(4)(iii).

11     "For a claimant to show that her impairment matches a listing, it must meet

12   *all* of the specified medical criteria.  An impairment that manifests only some of

13   those criteria, no matter how severely, does not qualify." *Sullivan v. Zebley*, 493

14   U.S. 521, 530, 110 S. Ct. 885, 107 L. Ed. 2d 967 (1990) (emphasis in original).

15     "To *equal* a listed impairment, a claimant must establish symptoms, signs

16   and laboratory findings 'at least equal in severity and duration' to the

17   characteristics of a relevant listed impairment, or, if a claimant's impairment is not

18   listed, then to the listed impairment 'most like' the claimant's impairment."

19   *Tackett*, 180 F.3d at 1099 (emphasis in original); 20 C.F.R. § 404.1526.  "'Medical

20   equivalence must be based on medical findings.'  A generalized assertion of

21   functional problems is not enough to establish disability at step three." *Tackett*,

22   180 F.3d at 1100 (citation omitted).

23     Davis contends that she has persistent inflammation of one or more major

24   peripheral weight-bearing joints resulting in the inability to ambulate effectively as

25   defined in 14.00C6, which uses the same definition in 1.00B2b.  An inability to

26   ambulate effectively is defined as "an extreme limitation of the ability to walk; i.e.,

27   an impairment(s) that interferes very seriously with the individual's ability to

28   independently initiate, sustain, or complete activities.  Ineffective ambulation is

7

1    defined generally as having insufficient lower extremity functioning (see 1.00J) to
2    permit independent ambulation without the use of a hand-held assistive device(s)
3    that limits the functioning of both upper extremities." 20 C.F.R. pt. 404, subpt. P,
4    app. 1, § 1.00B.2.b(1).  An example includes "the inability to walk without the use
5    of a walker, two crutches or two canes . . . ." *Id.* § 1.00B.2.b(2).  Davis testified
6    that  she uses one cane periodically when her back is bad or when her feet,
7    knees or legs give out and she needs support.  AR 42.  Her cane was not
8    prescribed by a doctor.  Davis has not shown an inability to ambulate within the
9    meaning of the listings.

10       Davis also contends that she has persistent inflammation of one or more
11   major peripheral joints in each upper extremity resulting in the inability to perform
12   fine and gross movements effectively as defined in 14.00C7.  An inability to
13   perform fine and gross movements refers to an extreme loss of functioning in
14   both hands.  *Id.* § 1.00.B.2.c.  Examples include an inability to prepare a simple
15   meal, take care of personal hygiene, sort and handle papers and files, or place
16   files in a cabinet at or above waist level.  *Id.*  The ALJ found that Davis' only
17   limitation was that she could do fine manipulation with the left hand frequently.
18   AR 13-14.  Dr. Lin assessed that Davis could perform repetitive right or left hand
19   motions, or grip/grasp with the right or left hand, continuously no more than 5
20   minutes at a time.  AR 351.  Davis has not shown an inability to perform fine or
21   gross movements effectively within the meaning of the listings.

22       **G.    Credibility**

23       Davis contends the ALJ failed to articulate legally sufficient reasons for
24   rejecting her symptom testimony.

25       "To determine whether a claimant's testimony regarding subjective pain or
26   symptoms is credible, an ALJ must engage in a two-step analysis." *Lingenfelter*,
27   504 F.3d at 1035-36.  First, "the ALJ must determine whether the claimant has
28   presented objective medical evidence of an underlying impairment 'which could

8

reasonably be expected to produce the pain or other symptoms alleged.'" *Id.* (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (en banc)). Although the ALJ made no explicit finding, it is reasonable to assume that Davis satisfies the first step of the analysis.

"Second, if the claimant meets this first test, and there is no evidence of malingering, 'the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so.'" *Lingenfelter*, 504 F.3d at 1036 (citations omitted). "In making a credibility determination, the ALJ 'must specifically identify what testimony is credible and what testimony undermines the claimant's complaints.'" *Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006) (citation omitted). "[T]o discredit a claimant's testimony when a medical impairment has been established, the ALJ must provide specific, cogent reasons for the disbelief." *Orn*, 495 F.3d at 635 (citations and quotation marks omitted). "The ALJ must cite the reasons why the claimant's testimony is unpersuasive." *Id.* (citation and quotation marks omitted).

In weighing credibility, the ALJ may consider factors including:  the nature, location, onset, duration, frequency, radiation, and intensity of any pain; precipitating and aggravating factors (*e.g.*, movement, activity, environmental conditions); type, dosage, effectiveness, and adverse side effects of any pain medication; treatment, other than medication, for relief of pain; functional restrictions; the claimant's daily activities; and "ordinary techniques of credibility evaluation." *Bunnell*, 947 F.2d at 346 (citing SSR 88-13)  (quotation marks omitted).  The ALJ may consider (a) inconsistencies or discrepancies in a claimant's statements; (b) inconsistencies between a claimant's statements and activities; (c) exaggerated complaints; and (d) an unexplained failure to seek treatment. *Thomas*, 278 F.3d at 958-59.

Here, the ALJ found that Davis' allegations were credible only to the extent they were consistent with the RFC assessment.  The ALJ articulated only one

9

reason:  "The severity of her symptoms is not well supported by the objective medical evidence." AR 14.  Although lack of medical evidence is a factor the ALJ may consider in the credibility analysis, it cannot form the sole basis for discounting subjective allegations.  *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005).  The ALJ erred.  On remand, the ALJ must reconsider Davis' credibility.

### H.    Lay Witness Testimony

"In determining whether a claimant is disabled, an ALJ must consider lay witness testimony concerning a claimant's ability to work."  *Stout v. Comm'r of Soc. Sec. Admin.*, 454 F.3d 1050, 1053 (9th Cir. 2006).  "When an ALJ discounts the testimony of lay witnesses, 'he [or she] must give reasons that are germane to each witness.'"  *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009) (citation omitted).

On remand, the ALJ is free to reconsider the lay witness evidence.

### IV.

### ORDER

IT IS HEREBY ORDERED that the decision of the Commissioner is reversed and this matter is remanded for further proceedings consistent with this opinion.

IT IS FURTHER ORDERED that the Clerk serve copies of this Order and the Judgment herein on all parties or their counsel.

DATED: March 6, 2013

_____
ALICIA G. ROSENBERG
United States Magistrate Judge